**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 03-4252**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TAMMY ANNETTE BAKER,

Defendant - Appellant.

————————

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Sol Blatt, Jr., Senior District Judge. (CR-02-111)

————————

Submitted:  October 24, 2003      Decided:  December 1, 2003

————————

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Amanda Bethea Keaveny, Charleston, South Carolina, for Appellant. Rhett DeHart, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tammy Annette Baker appeals the district court's order sentencing her to fifteen months imprisonment following her guilty plea to bank fraud in violation of 18 U.S.C. § 1344 (2000). In her appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Baker states that she has found no non-frivolous issues for appeal, but raises the issue of whether Baker's sentence was appropriately calculated under the sentencing guidelines.

This court reviews such a claim de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Baker's base offense level was correctly calculated at six based on a violation of 18 U.S.C. § 1344. See USSG § 2B1.1(a) (2001). Due to adjustments for a loss in excess of $70,000 and Baker's acceptance of responsibility, a total offense level of twelve was accurately calculated. See USSG §§ 2B1.1(b)(1), 3E1.1(a). The district court also correctly sustained Baker's objection to the calculation of her criminal history category, thereby adjusting her to category II. This resulted in a sentencing range of twelve to eighteen months. See USSG Ch. 5, Pt. A, table. Baker's sentence of fifteen months was within that range. Accordingly, we find no error in the application of the sentencing guidelines.

We have reviewed the record in accordance with Anders and find no meritorious issues for appeal. Accordingly, we affirm the

judgment of the district court.  This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3